IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARRELL WHITE,

    Plaintiff,

v.

    Case No. 2:10-CV-1167
    JUDGE SARGUS
    MAGISTRATE JUDGE KING

FIFTH THIRD BANK,

    Defendant.

### OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's *Instanter Motion of Objection*, Doc. No. 18, to the Magistrate Judge's April 6, 2011 *Order and Report and Recommendation*, Doc. No. 16, as well as Plaintiff's *Motion to Supplement the Objection*, Doc. No. 21. The Court also considers Plaintiff's *Motion to Supplement the Comprehensive Amended Complaint and for Service of Process*, Doc. No. 19. This motion is granted.

I.

Plaintiff Darrell White ["Plaintiff"] is a state inmate who brings this action against Defendant Fifth Third Bank ["the Bank" or "Defendant"] in connection with Plaintiff's attempts to access a certain bank account. According to Plaintiff, the Defendant's alleged denial of access to his account constitutes a breach of contract and negligence. *Complaint*, Doc. No. 4, at 6, 10. Plaintiff also claims that the Bank acted in breach of its contract with Plaintiff on account of Plaintiff's race, *i.e.*, African-American. *Id.* at 10.

Although service of process was made on the Defendant Bank, *see Summons Returned Executed*, Doc. No. 8, the Bank has failed to move or plead in response to Plaintiff's *Complaint*. For this reason, the Plaintiff has moved for default judgment. *See Motion for Default Judgment*, Doc. No. 9, and *Motion to Compel Default Judgment*, Doc. No. 15.

On April 6, 2011, the Magistrate Judge issued an *Order and Report and Recommendation*, Doc. No. 16, recommending that the motions for default judgment be denied for two reasons. First, the Magistrate Judge observed that the motions are procedurally defective. In particular, Plaintiff failed to follow the requirement of Fed. R. Civ. P. 55, which requires that a plaintiff first obtain an entry of default from the Clerk. The Magistrate Judge also concluded that default judgment was not appropriate because Plaintiff had sought and been granted leave to amend his *Complaint* to join the Federal Deposit Insurance Corporation ["FDIC"] as a defendant and to assert additional claims.

The Magistrate Judge ordered Plaintiff "to file, within fourteen (14) days, a comprehensive amended complaint that contains all of the claims (whether presented in his original *Complaint* or in his motions for leave to amend that *Complaint*) that he intends to assert against each of the Defendants." *Order and Report and Recommendation*, Doc. No. 16, at 4. The Magistrate Judge also directed Plaintiff to serve a copy of the anticipated amended complaint on the Bank and to arrange for service of process, by the United States Marshals Service, on the proposed defendant FDIC. *Id.*

Plaintiff has filed an *Objection* to the Magistrate Judge's decision, Doc. No. 18, as well as a *Motion for Leave to Supplement* the *Objection*, Doc. No. 21. The Court now considers the merits of these motions, as well as a recently filed *Motion to Supplement*, Doc. No. 19.

2

## II.

### A. Plaintiff's Motions to Supplement the Complaint

#### Standard of Review

The Magistrate Judge's decision with respect to Plaintiff's motions to supplement his *Complaint* addresses a non-dispositive matter. Thus, the Court applies the "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A).

The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge, while the legal conclusions of the Magistrate Judge are reviewed under the "contrary to law" standard. *See Auto Chem Laboratories, Inc. v. Turtle Wax, Inc.*, No. 3:07-cv-156, 2009 WL 3063422 at *2 (S.D. Ohio September 21, 2009) (Rice, J.). A finding is "clearly erroneous" when, although there is evidence in support of the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*, quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). Under the "contrary to law" standard, the Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

#### Discussion

In his *Objection*, Plaintiff states that his *Motions to Supplement*, Doc. Nos. 13 and 14, were not motions to amend his original *Complaint*. Plaintiff also "objects to having to re-submit a supplemental to each other to the original complaint [*sic*] . . . ." *Instanter Motion of Objection*, Doc. No. 18, at 4. Plaintiff also objects to the Magistrate Judge's alleged failure "to cite all the

3

civil and constitutional issues" which are raised in the *Motions to Supplement*. *Id.* at 5. In his *Motion to Supplement the Objection*, Doc. No. 21, Plaintiff requests that the Clerk of Court be directed to send him his original *Complaint* as well as the *Motions to Supplement*, Doc. Nos. 13 and 14. Plaintiff also requests an extension of one hundred twenty (120) days to correct his previously defective filings. *Id.* at 6.

The Court concludes that the Magistrate Judge's decision to allow Plaintiff to amend his original *Complaint*, and the directive that he file one comprehensive complaint, are not clearly erroneous or contrary to law. Although Plaintiff states that his *Motions to Supplement*, Doc. Nos. 13 and 14, were not meant to amend his *Complaint*, the claims referred to in those motions do not appear to be supplemental claims as defined by Fed. R. Civ. P. 15(d).[1] Rather, Plaintiff seeks simply to add additional claims [2] and to join an additional defendant in connection with the same event that is the subject of the original *Complaint*. Thus, the appropriate procedure was to allow Plaintiff to amend his original *Complaint* under Rule 15(a). The Magistrate Judge correctly concluded that, since this case is in the earliest stage, amendment of the complaint is appropriate. Furthermore, the directive that Plaintiff submit one comprehensive amended complaint – setting forth all claims against all defendants – certainly minimizes the risk of confusion and uncertainty in the record. For these reasons, Plaintiff's objections are overruled and the decision of the Magistrate Judge in this regard is affirmed.

---

[1] Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened <u>after</u> the date of the pleading to be supplemented." (emphasis added).

[2] Contrary to Plaintiff's contention, the Magistrate Judge's failure to identify all of the claims referred to in the *Motions to Supplement* is of no significance.

4

## B. Plaintiff's Motions for Default Judgment

### Standard of Review

The Magistrate Judge's recommendation with respect to Plaintiff's motions for default judgment, Doc. Nos. 9 and 15, addresses a dispositive matter. Thus, the Court applies a *de novo* standard of review. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).

### Discussion

As noted, the Magistrate Judge recommended that default judgment be denied for two reasons: first, because Plaintiff failed to first request an entry of default pursuant to Fed. R. Civ. P. 55 and, second, because Plaintiff sought to add additional claims and to join a new party to the case. In his *Motion to Supplement the Objection*, Doc. No. 21, Plaintiff argues that the Magistrate Judge erred in making this recommendation. According to Plaintiff, the failure to grant default judgment evidences "bias, prejudice, and . . . bad faith" on the Court's part. Doc. No. 21 at 5.

The Court disagrees with Plaintiff's characterization. The recommendation that default judgment be denied was based on Plaintiff's undisputed failure to follow the procedure specified in Rule 55 of the Federal Rules of Civil Procedure. As the Magistrate Judge observed, that rule clearly requires that, before default judgment can be entered, a plaintiff <u>must</u> request an entry of default from the Clerk of Court. Fed. R.Civ. P. 55(a). Plaintiff's objection to the Magistrate Judge's recommendation in this regard is overruled.

## C. Plaintiff's April 14, 2011 Motion to Supplement the Complaint

Plaintiff recently filed a document captioned *Motion to Supplement Clarification*

5

*Comprehensive Amended Complaint and Leave for Service Process Complaint, Supplemental Complaint and Supplement Comprehensive Complaint as a Whole*, Doc. No. 19. In that filing, Plaintiff seeks to clarify that his previously filed *Motions to Supplement*, Doc. Nos. 13 and 14, are "all one complaint against Defendant Fifth Third Bank and [FDIC] . . . ." Doc. No. 19, at 2. Further, the Court notes that, on April 14, 2011, Plaintiff also filed a "Letter to the Clerk" requesting that his original *Complaint* and all *Motions to Supplement* be treated as one document and be mailed to Plaintiff. *See* Doc. No. 20.

Although Plaintiff again argues that he is merely "supplementing" his original *Complaint*, the proper procedure is for Plaintiff to file one comprehensive amended complaint that sets forth in detail all claims against all parties. Plaintiff's request that the Clerk perform the task of collecting his previous filings in order to create a new filing for him is misplaced.

### III.

**WHEREUPON**, Plaintiff's *Instanter Motion of Objection*, **Doc. No. 18**, to the Magistrate Judge's April 6, 2011 *Order and Report and Recommendation*, Doc. No. 16, and Plaintiff's *Motion to Supplement the Objection*, **Doc. No. 21**, are **OVERRULED**. The decision of the Magistrate Judge, **Doc. No. 16**, is **ADOPTED and AFFIRMED**. Plaintiff's *Motions for Default Judgment*, **Doc. Nos. 9 and 15**, are **DENIED**. Plaintiff's *Motions to Supplement the Complaint*, **Doc. Nos. 13, 14 and 19**, are **GRANTED**.

Plaintiff is **ORDERED** to file, within fourteen (14) days, a comprehensive amended complaint that contains all the claims and allegations asserted against each of the two defendants. Plaintiff's failure to do so may result in the dismissal of the action for failure to prosecute.

Plaintiff must serve a copy of this pleading on the defendant Bank and shall arrange for service of process, by the United States Marshals Service, on the defendant FDIC. *See* Fed. R. Civ. P. 4(i). Plaintiff is reminded that the claims against any defendant not served with process within 120 days must be dismissed. *See* Fed. R. Civ. P. 4(m).

The Clerk of Court shall send a copy of this *Order* to Plaintiff, together with copies of his original *Complaint*, Doc. No. 4, and his *Motions to Supplement*, Doc. Nos. 13, 14 and 19.

**IT IS SO ORDERED.**

4-2p-2011
DATE

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**